**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANZELL BROWN,

      Plaintiff,

                                  Case No. 3:23-cv-1269-TJC-PDB

v.

WAL-MART ASSOCIATES, INC., a
foreign profit corporation,

      Defendant.

_____

# **O R D E R**

      Plaintiff, Danzell Brown, is suing his former employer alleging his termination was improper. Doc. 5. His complaint has four counts: (1) disability discrimination under the Americans with Disabilities Act (ADA), (2) disability discrimination under the Florida Civil Rights Act (FCRA), (3) Family and Medical Leave Act (FMLA) retaliation, and (4) FMLA interference. Id. at 3–6. Defendant, Wal-Mart Associates, Inc., moves to dismiss the complaint, generally alleging each count should be dismissed for failure to state a claim and that the complaint is an improper shotgun pleading due to conclusory allegations and repeating the same factual allegations to support all counts. Doc. 7. Brown has responded. Doc. 8.

## 1. BACKGROUND

Brown has six paragraphs of general allegations providing limited information about his employment, including being hired in 2014, and that in 2022 he was terminated, rehired, and terminated again. Doc. 5 ¶¶ 8–13. Brown alleges he has asthma, which has caused him to miss work. Id. ¶ 9. Brown alleges the rehire and re-termination were to manipulate his FMLA eligibility. Id. ¶ 13.

Under Counts I and II, alleging disability discrimination under the ADA and FCRA, there are multiple examples of conclusory allegations that are either insufficient to support a claim or are so conclusory that they render the complaint an impermissible shotgun pleading. For example, Plaintiff alleges he "has a physical impairment which substantially limits one or more major life activities." Id. ¶¶ 16, 23. Apart from the mention of the asthma diagnosis, there is no information about how Brown is substantially limited in a major life activity.[1]

There are similar problems with Counts III and IV. Under Count III, FMLA retaliation, Plaintiff alleges he "engaged in activity protected by the FMLA" but there is no other description of any activity that Brown claims constitutes protected activity.[2] See Id. ¶ 29. Under Count IV, FMLA interference, Plaintiff alleges there was wrongful interference with his ability to take medical leave. Id. ¶ 34. The

---

[1] The examples are intended to provide guidance for correction, but not all examples of insufficient or conclusory allegations are identified in this order.

[2] Brown mentions missing work but does not identify this as FMLA related.

factual allegations, however, only allege the rehire and subsequent termination were an "effort to manipulate Plaintiff's eligibility for FMLA for protection . . . [and his] right to take protected medical leave." Id. ¶ 13. There is no statement that Brown was entitled to FMLA leave or sought leave that was denied.

### 2. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. Id. at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

The focus here is on the second type of shotgun pleading. Brown incorporates all of his factual allegations into every Count. Doc. 5 ¶¶ 14, 21, 28, 33. Simply put, the same six paragraphs in the factual allegation are all used to support three distinct claims: disability discrimination, FMLA retaliation, and FMLA interference. The scant set of facts is either incomplete or too conclusory, especially for the FMLA retaliation and interference claims.

The Eleventh Circuit has articulated that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket . . . ." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). Accordingly, Brown must replead his claims to cure these deficiencies and provide clear notice to Defendant of which facts support each Count. When Brown repleads, the allegations must be clearly tied to one of the causes of action. And each count must incorporate only allegations relevant to it. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (holding that a district court must dismiss shotgun pleadings and order the party to replead).[3]

---

[3] The Court notes that Defendant's Motion to Dismiss Plaintiff's Complaint contained a Local Rule 3.01(g) Certification indicating counsel were not able to confer. Doc. 7 at 15–16. In accordance with Local Rule 3.01(g)(3), counsel was responsible to supplement the certification.

Accordingly, it is hereby

     **ORDERED**:

     1.    Defendant's Motion to Dismiss Plaintiff's Complaint, Doc. 7, is **GRANTED**.

     2.    Plaintiff's Complaint, Doc. 5, is **DISMISSED without prejudice**.

     3.    No later than **May 16, 2024,** Plaintiff shall file an amended complaint consistent with the directives of this Order and in compliance with Federal Rule of Civil Procedure 8(a)(2). No later than **June 6, 2024**, Defendant must respond to the Amended Complaint.

     4.    The parties will continue to be governed by the Case Management and Scheduling Order, Doc. 13.

     **DONE AND ORDERED** in Jacksonville, Florida, this 26th day of April, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record